COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-377-CR

 

 

JIMMY CLEVELAND BURGETT                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jimmy Cleveland
Burgett pleaded guilty to delivery of a controlled substance, and the trial
court set punishment at ten years= confinement under a plea bargain agreement.  In four points, Appellant argues that he was
denied a speedy trial, that the indictment was untimely, that the trial court
erred by failing to quash the indictment, and that the trial court erred by
overruling Appellant=s motion to
dismiss the indictment because Appellant was denied access to a law
library.  We affirm.

                                        Procedural History

Police arrested Appellant on
a warrant for possession of a controlled substance on May 20, 2004.  The grand jury indicted Appellant for
delivery of a controlled substance on October 12, 2004.  At some point, the trial court held a Faretta[2]
hearing and allowed Appellant to proceed pro se.[3]  The trial court freed Appellant on a personal
recognizance bond on January 25, 2005, but police arrested him on a parole
revocation warrant a month later.  On May
27, 2005, the State voluntarily dismissed the indictment because a key witness
was unavailable.








The grand jury reindicted
Appellant on June 15, 2005, after the missing witness resurfaced.  Appellant filed a written announcement of Aready for trial@ on June 20,
2005.  He was freed on bond on July 18,
2005, but he was again arrested for a parole violation on August 7, 2005.  He filed additional announcements of Aready@ on July 27
and August 8.

The trial court held a
pretrial hearing on August 23, 2005, some fifteen months after Appellant=s initial arrest.  Appellant
expressed his desire to represent himself at the pretrial hearing but requested
court-appointed counsel for trial.  The
trial court conducted another Faretta hearing, allowed Appellant to
represent himself at the pretrial hearing, and appointed trial counsel.

Appellant argued several
motions at the pretrial hearing:  (1) a
motion to dismiss the indictment for violation of Appellant=s right to a speedy trial; (2) a motion to dismiss the indictment as
untimely; (3) a motion to quash the indictment; and (4) and a motion to dismiss
the indictment because APro Se
Defendant Has Been Denied His State and Constitutional Right to a Fair Trial
Because He Had Been Denied Access to Law Library.@  The trial court denied all
four motions.

On August 31, 2005,
Appellant, represented by appointed counsel, pleaded guilty to delivery of a
controlled substance but reserved his right to appeal the trial court=s denial of his pretrial motions. 
The trial court sentenced Appellant to ten years= confinement in accordance with the plea agreement. Appellant appeals
the trial court=s rulings on
his four pretrial motions.

                                            Speedy Trial








In his first point, Appellant
argues that the trial court erred by denying his motion to dismiss the
indictment because the delay between his arrest and his plea hearing violated
his right to a speedy trial.

When reviewing a trial court=s ruling on a speedy trial claim, we review legal issues de novo but
give deference to a trial court=s resolution of factual issues. 
Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005).  We give deference not only to a trial court=s resolution of disputed facts but also to its drawing of reasonable
inferences from the facts.  Id.  When, as here, the defendant does not prevail
on a speedy trial claim, we presume the trial court resolved any disputed fact
issues in favor of the State, and we defer to these implied findings of fact
that the record supports.  Zamorano v.
State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).








The Sixth Amendment to the
United States Constitution guarantees the accused=s right to a speedy trial.  U.S. Const. amend. VI.  The right to a speedy trial is fundamental
and is imposed on the states by the Due Process Clause of the Fourteenth
Amendment.  Barker v. Wingo, 407
U.S. 514, 515‑16, 92 S. Ct. 2182, 2184‑85 (1972); see U.S. Const. amend. XIV.  In addition, article I, section 10 of the
Texas Constitution guarantees the accused in all criminal prosecutions the
right to a speedy and public trial.  Tex. Const. art. I, ' 10.  If a violation of the
speedy trial right is established, the only possible remedy is dismissal of the
prosecution.  Strunk v. United States,
412 U.S. 434, 440, 93 S. Ct. 2260, 2263 (1973).

In determining whether an
accused has been denied his right to a speedy trial, we use a balancing test to
weigh the conduct of both the prosecution and the defendant.  See Barker, 407 U.S. at 530, 92 S. Ct. at
2191-92; Dragoo v. State, 96 S.W.3d 308, 313 (Tex. Crim. App.
2003).  The factors to be weighed include
the length of the delay, the reason for the delay, the defendant=s assertion of his speedy trial right, and the prejudice to the
defendant resulting from the delay.  Barker, 407 U.S. at 530, 92 S. Ct. at
2192; Dragoo, 96 S.W.3d at 313. 
No single factor alone is necessary or sufficient to establish a
violation of the right to a speedy trial. 
Barker, 407 U.S. at 530, 92 S. Ct. at 2192; Dragoo, 96 S.W.3d
at 313.

1.     Length of Delay








The first factor, length of
the delay, is measured from the time the defendant is arrested or formally
accused.  United States v. Marion,
404 U.S. 307, 313, 92 S. Ct. 455, 459 (1971); Dragoo, 96 S.W.3d at
313.  We consider the other three factors
only when the delay is long enough to be presumptively prejudicial to the
defendant.  Emery v. State,  881 S.W.2d 702, 708 (Tex. Crim. App. 1994), cert.
denied, 513 U.S. 1192 (1995).  In
general, delay approaching one year is sufficient to trigger a speedy trial
inquiry.  Doggett v. United States,
505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 2691 n.1 (1992); Shaw v. State,
117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

In this case, Appellant was
arrested in May 2004 and pleaded guilty in August 2005, a delay of fifteen
months.  The State concedes that the
delay was presumptively prejudicial.  We
will, therefore, consider the other three speedy-trial factors.

2.     Reason for Delay








When assessing the second
factor, the reason for the delay, we assign different weights to different
reasons.  Barker, 407 U.S. at 531,
92 S. Ct. at 2192.  A deliberate attempt
to delay the trial in order to hamper the defense weighs heavily against the
government.  Id., 92 S. Ct.
at  2192. 
A more neutral reason, such as negligence or overcrowded courts, also
weighs against the government, though less heavily.  Id., 
92 S. Ct. at  2192.  A valid reason, such as a missing witness, will
justify the delay and weigh in the government=s favor.  See id.,  92 S. Ct. at 
2192; Dragoo, 96 S.W.3d at 313‑14.  A delay attributable to the defendant may
constitute a waiver of his right to a speedy trial and weighs heavily against
him.  See State v. Munoz, 991
S.W.2d 818, 822 (Tex. Crim. App. 1999); Webb v. State, 36 S.W.3d 164,
173 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  The State has the initial
burden of justifying a lengthy delay.  Emery,
881 S.W.2d at 708; Turner v. State, 545 S.W.2d 133, 137‑38
(Tex. Crim. App. 1976).

The record in this case
reflects four potential reasons for the delay in Appellant=s trial.  First, the State
stipulated at the plea hearing that it was not ready for trial within 180 days
of Appellant=s
arrest.  This accounts for six months of
the delay and weighs against the State.

Second, the original
indictment was dismissed when the State could not locate a key witness.  The time between dismissal of the original
indictment and Appellant=s
reindictment accounts for roughly two months of the delay and weighs in the
State=s favor.








Third, the State argues that
the delay was caused in part by Appellant=s dissatisfaction with appointed counsel.  According to the State, the trial court
appointed counsel for Appellant on October 15, 2004, appointed new counsel at
Appellant=s request on
December 1, 2004, and allowed Appellant to dismiss his second lawyer and
proceed pro se on December 22, 2004.  But
the record reflects none of this. 
Instead, the record shows that Appellant represented himself at the
pretrial hearing but requested counsel for trial.  The trial court named several lawyers as
potential appointed counsel and finally named one to whom Appellant had no
objection.  Thus, the record does not
support the State=s argument
that the delay was caused in part by Appellant=s dissatisfaction with appointed counsel.

Fourth, the State argues that
the many trial settings in Appellant=s case prove that the trial court=s overcrowded court docket caused the delay.  But again, the record does not support the
State=s contention.  The only trial
setting reflected in the record is the setting at which Appellant pleaded
guilty.

Thus, of the four reasons for
delay suggested by the State, the record supports only two.  One of thoseCthe State=s
unreadiness for trial within 180 days of Appellant=s arrestCweighs
against the State; the otherCabsence of a crucial witnessCweighs in favor of the State.

3.     Assertion of Right to
Speedy Trial








A defendant=s assertion of his speedy trial right is entitled to strong
evidentiary weight in determining whether the defendant was being deprived of
the right.  Barker, 407 U.S. at
531-32, 92 S. Ct. at 2192-93.  A
defendant has some responsibility to assert his right to a speedy trial, and
his failure to do so strongly indicates that he did not really want a speedy
trial.  See Harris v. State, 827
S.W.2d 949, 957 (Tex. Crim. App.), cert. denied, 506 U.S. 942
(1992).  The manner in which a defendant
raises a speedy-trial complaint is also significant.  Although a motion to dismiss notifies the
State and the court of the speedy-trial claim, a defendant=s motivation in asking for dismissal rather than a prompt trial is
clearly relevant, and may sometimes attenuate the strength of his claim.  Phillips v. State, 650 S.W.2d 396, 401
(Tex. Crim. App. 1983).

Appellant never made an
explicit demand for a speedy trial. 
Instead, he filed pro se announcements of Aready for trial@ on June 20,
July 27, and August 8, 2005, and he filed a pro se motion to dismiss on August
11, 2005. The Aready@ announcements tend to suggest that Appellant sought a prompt trial
following his reindictment.  But his
August 11 motion to dismiss, following close on the heels of his last Aready@
announcement and filed with three other motions to dismiss, suggests that
Appellant sought dismissal rather than a speedy trial.  Appellant=s failure to explicitly assert his right to a prompt trial, coupled
with his motion to dismiss, weighs against his speedy-trial complaint.

4.     Prejudice Resulting from
Delay








Prejudice, the fourth factor,
is to be considered in light of the interests that the right to a speedy trial
was designed to protect.  Barker,
407 U.S. at 532, 92 S. Ct. at 2193. 
These interests include prevention of extended pretrial incarceration,
minimization of anxiety over pending charges, and the prevention of actual
prejudice to the defendant=s ability to present a defense. 
Id. at 532, 92 S. Ct. at 2193. 
Proof of actual prejudice is not essential to every speedy trial claim
because Aexcessive delay presumptively compromises the reliability of a trial
in ways that neither party can prove or, for that matter, identify.@  Dragoo, 96 S.W.3d at
315 (citing Doggett, 505 U.S. at 655, 112 S. Ct. at 2693).  But a presumption of prejudice is extenuated
by the defendant=s
acquiescence in the delay.  Id.; Doggett,
505 U.S. at 658, 112 S. Ct. at 2694.  The
defendant has the initial burden of showing prejudice.  Emery, 881 S.W.2d at 709.

Appellant concedes that the record
does not demonstrate specific prejudice. 
But he argues that Ahis incarceration caused him more anxiety and concern beyond what
would ordinarily result from being arrested and charged with a serious offense@ and points to his frustration over lack of access to a law library
during his pretrial incarceration and his Aserious medical problems.@








Appellant does not explain
how his alleged lack of access to a law library ties into his speedy-trial
claim.  We see neither a connection
between the two nor prejudice arising from lack of library access, especially when
Appellant ultimately was represented by appointed counsel before he pleaded
guilty.  Likewise, we see no connection
between Appellant=s medical
conditions and his speedy-trial claim. 
Appellant does not argue that the trial delay caused or worsened his
medical conditions.  Also, when asked by
the trial court about his occupational experience in connection with the
pretrial Faretta hearing, Appellant answered, ACriminal.  I mean, like I say,
it ain=t nothing to brag about, but that=s it.@  From this statement, the trial court could
reasonably infer that Appellant=s pending charges caused him less anxiety and concern than the same
charges would cause a person with a more conventional work history.

Appellant also contends that
the length of the delay makes it presumptively prejudicial.  Courts have held that delays of five years
and longer are presumptively prejudicial. 
See Doggett, 505 U.S. at 654‑57, 112 S. Ct. at
2692-94 (holding delay of eight and one‑half years was presumptively
prejudicial); Guajardo v. State, 999 S.W.2d 566, 570 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d) (holding delay of five years was presumptively prejudicial); Thompson
v. State, 983 S.W.2d 780, 786 (Tex. App.CEl Paso 1998, pet. ref=d) (holding eight-year delay was presumptively prejudicial).  Shorter delays are not presumptively
prejudicial.  See Traylor v. State,
No. 04‑04‑00432‑CR, 2005 WL 1458211, at *4 (Tex. App.CSan Antonio June 22, 2005, no pet.) (mem. op.) (not designated for
publication) (AWe refuse to
hold that a delay of fourteen months is presumptively prejudicial.@); State v. Wray, No. 05‑01‑01799‑CR, 2002 WL
1763567, at *4 (Tex. App.CDallas July
31, 2002, pet. dism=d) (mem.
op.) (not designated for publication) (holding delay of two and half years was
not presumptively prejudicial).  We
decline to hold that the fifteen-month delay in this case was presumptively
prejudicial.

5.     Balancing the Factors








Having addressed the four Barker
factors, we must now balance them. 
Weighing in favor of Appellant=s speedy-trial claim are the length of the delay and the State=s 180-day delay in announcing Aready@ for
trial.  Weighing against his claim is his
failure to explicitly request a speedy trial and, more importantly, his failure
to show prejudice arising from the delay. 
We hold that the four factors, balanced together, weigh against finding
a violation of Appellant=s right to a
speedy trial.  Accordingly, we overrule
Appellant=s first
point.

                                       Untimely Indictment

In his second and third
points, Appellant argues that the trial court Aarguably@ erred by
failing to dismiss the indictment as untimely under article 32.01 of the code
of criminal procedure.








Article 32.01 requires
dismissal of a prosecution when the defendant is held in custody or admitted to
bail and no indictment is presented within 180 days of his arrest.  Tex.
Code Crim. Proc. Ann. art. 32.01 (Vernon 2004).  Appellant was arrested on May 20, 2004, and
the first indictment was returned on October 11, 2004, 144 days later; thus,
the grand jury returned an indictment within article 32.01=s 180-day deadline.  And, as
Appellant concedes, a motion to dismiss under article 32.01 has no effect if it
is presented after an indictment is returned. 
Brooks v. State, 990 S.W.2d 278, 285 (Tex. Crim. App.), cert.
denied, 528 U.S. 956 (1999); State v. McCoy, 94 S.W.3d 296, 300-01
(Tex. App.CCorpus
Christi 2002, no pet.).  Appellant did
not file a motion to dismiss until after the grand jury returned the first and
second indictments.  Therefore, we
overrule Appellant=s second and
third points.

                                     Access to Law Library

In his last point, Appellant
argues that the trial court erred by overruling his motion to dismiss the
indictment because he was denied access to a law library.  The gist of Appellant=s argument is that a pro se defendant is constitutionally entitled to
access to a law library to prepare his defense. 
We review the trial court=s rulings on a motion to dismiss an indictment for abuse of discretion.  Thomas v. State, 621 S.W.2d 158, 163
(Tex. Crim. App. [Panel Op.] 1980).

On January 24, 2005, the
trial court signed an order granting Appellant access to the county law library
for at least three hours each week.  On
March 6, 2005, Appellant sent a letter to the sheriff=s department requesting that the department comply with the court=s order, and he made a similar request July 26, 2005.  Appellant filed a motion to dismiss because
he had been denied access to a law library, and he argued the motion at the
pretrial hearing.  The trial court denied
the motion at Appellant=s plea
hearing.








In Kane v. Garcia Espitia,
the United States Supreme Court noted that Afederal appellate courts have split on whether Faretta, which
establishes a Sixth Amendment right to self‑representation, implies a
right of the pro se defendant to have access to a law library.@  546 U.S. 9, 9, 126 S. Ct. 407,
408 (2005).  The Court held that the
denial of access to a law library cannot provide a basis for a pro se
petitioner=s habeas
relief because no Supreme Court case clearly establishes a pro se petitioner=s constitutional right to law library access.  Id. 
In light of Kane, we cannot say that the trial court abused its
discretion by denying Appellant=s motion to dismiss.

We would reach the same
result even if the law clearly recognized a pro se defendant=s right to access a law library because Appellant was not proceeding
pro se when he pleaded guilty.  The trial
court appointed trial counsel at Appellant=s request, counsel appeared with Appellant and advised him at the plea
hearing, and Appellant acknowledged in writing that he was totally satisfied
with counsel=s
representation and that counsel was completely competent in every aspect of
representation.  Because Appellant was
not acting pro se when he pleaded guilty, the question of pro se access to a
law library is moot.

We overrule Appellant=s fourth point.

                                             Conclusion








Having overruled all of
Appellant=s points, we
affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 7, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Faretta
v. California, 422 U.S. 806, 807‑08, 95 S. Ct. 2525, 2527 (1975).





[3]We
note that Appellant has achieved some success as a pro se defendant.  In 1967, the United States Supreme Court
granted his pro se petition for writ of certiorari and ultimately reversed
Appellant=s
conviction for attempted murder.  See
Burgett v. Texas, 389 U.S. 109, 116, 88 S. Ct. 258, 262 (1967).