## KANE, WARDEN *v.* GARCIA ESPITIA

No. 04–1538.   Decided October 31, 2005

PER CURIAM.

Respondent Garcia Espitia, a criminal defendant who chose to proceed *pro se,* was convicted in California state court of carjacking and other offenses.   He had received no law library access while in jail before trial—despite his repeated requests and court orders to the contrary—and only about four hours of access during trial, just before closing arguments.   (Of course, he had declined, as was his right, to be represented by a lawyer with unlimited access to legal materials.)   The California courts rejected his argument that his restricted library access violated his Sixth Amendment rights.   Once his sentence became final, he petitioned in Federal District Court for a writ of habeas corpus under 28 U. S. C. § 2254.   The District Court denied relief, but the

Court of Appeals for the Ninth Circuit reversed, holding that "the lack of any pretrial access to lawbooks violated Espitia's constitutional right to represent himself as established by the Supreme Court in *Faretta* [v. *California*, 422 U. S. 806 (1975)]." *Garcia Espitia* v. *Ortiz*, 113 Fed. Appx. 802, 804 (2004). The warden's petition for certiorari and respondent's motion for leave to proceed *in forma pauperis* are granted, the judgment below is reversed, and the case is remanded.

A necessary condition for federal habeas relief here is that the state court's decision be "contrary to, or involv[e] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Neither the opinion below, nor any of the appellate cases it relies on, identifies a source in our case law for the law library access right other than *Faretta*. See *id.*, at 804 (relying on *Bribiesca* v. *Galaza*, 215 F. 3d 1015, 1020 (CA9 2000) (quoting *Milton* v. *Morris*, 767 F. 2d 1443, 1446 (CA9 1985))); *ibid.* ("*Faretta* controls this case").

The federal appellate courts have split on whether *Faretta*, which establishes a Sixth Amendment right to self-representation, implies a right of the *pro se* defendant to have access to a law library. Compare *Milton, supra,* with *United States* v. *Smith*, 907 F. 2d 42, 45 (CA6 1990) ("[B]y knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library"); *United States ex rel. George* v. *Lane*, 718 F. 2d 226, 231 (CA7 1983) (similar). That question cannot be resolved here, however, as it is clear that *Faretta* does not, as § 2254(d)(1) requires, "clearly establis[h]" the law library access right. In fact, *Faretta* says nothing about any specific legal aid that the State owes a *pro se* criminal defendant. The *Bribiesca* court and the court below therefore erred in holding, based on *Faretta,* that a violation of a law library access right is a basis for federal habeas relief.

The judgment below is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*