**David H. MORALES, Petitioner–Appellee,**

v.

**G.J. GIURBINO, Warden, Respondent–Appellant.**

No. 06–56060.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Nov. 20, 2006.

As Amended on Denial of Rehearing Jan. 10, 2007.

Richard Jay Moller, esq., Redway, CA, for Petitioner–Appellee.

Deborah J. Chuang, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM *

A California jury convicted Petitioner David H. Morales of possessing phencyclidine (PCP). The California Supreme Court affirmed the conviction on direct appeal. *People v. Morales*, 25 Cal.4th 34, 104 Cal.Rptr.2d 582, 18 P.3d 11, *cert. denied*, 534 U.S. 857, 122 S.Ct. 133, 151 L.Ed.2d 86 (2001). Petitioner then filed a federal petition for writ of habeas corpus, 28 U.S.C. § 2254, and the district court granted the petition. On de novo review, *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir.2004) (per curiam), *cert. denied*, 545 U.S. 1105, 125 S.Ct. 2540, 162 L.Ed.2d 277 (2005), we reverse.

 1. At the state-court trial, the prosecutor argued to the jury (among other things) that Petitioner should be convicted of possessing PCP because, at the time of his arrest, he was under the influence of PCP. That argument misstated the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

law and, thus, could be considered prosecutorial misconduct. Petitioner's claim of prosecutorial misconduct was procedurally defaulted under California law, for failure to object contemporaneously. *Morales,* 104 Cal.Rptr.2d 582, 18 P.3d at 17. Accordingly, we may not review the claim. *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ 2. Petitioner also characterizes his claim as one involving "legal error" within the meaning of *Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), which discusses the term as used in *Yates v. United States,* 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). However, no precedent of the United States Supreme Court requires reversal of a conviction when the state court's instructions properly explain the applicable law, but the prosecutor misstates the law in argument. *Cf. Boyde v. California,* 494 U.S. 370, 384–85, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990) ("[P]rosecutorial misrepresentations . . . are not to be judged as having the same force as an instruction from the court."). Because there is no controlling Supreme Court precedent, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d). *Kane v. Garcia Espitia,* 546 U.S. 9, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (per curiam).

■ 3. The California Supreme Court's determination that Petitioner had effective assistance of counsel was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's decision to emphasize in his own argument both the jury's obligation to follow the court's instructions on the law, and the factual weaknesses in the state's case was a professionally competent strategy. We cannot conclude that defense counsel's failure to object to the prosecutor's statements was "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052, especially given that the California Supreme Court found that there was no prosecutorial misconduct. *Morales,* 104 Cal.Rptr.2d 582, 18 P.3d at 19.

REVERSED.