BURGETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-377-CR

JIMMY CLEVELAND BURGETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jimmy Cleveland Burgett pleaded guilty to delivery of a controlled substance, and the trial court set punishment at ten years’ confinement under a plea bargain agreement.  In four points, Appellant argues that he was denied a speedy trial, that the indictment was untimely, that the trial court erred by failing to quash the indictment, and that the trial court erred by overruling Appellant’s motion to dismiss the indictment because Appellant was denied access to a law library.  We affirm.

Procedural History

Police arrested Appellant on a warrant for possession of a controlled substance on May 20, 2004.  The grand jury indicted Appellant for delivery of a controlled substance on October 12, 2004.  At some point, the trial court held a 
Faretta
(footnote: 2) 
hearing and allowed Appellant to proceed pro se.
(footnote: 3)  The trial court freed Appellant on a personal recognizance bond on January 25, 2005, but police arrested him on a parole revocation warrant a month later.  On May 27, 2005, the State voluntarily dismissed the indictment because a key witness was unavailable. 

The grand jury reindicted Appellant on June 15, 2005, after the missing witness resurfaced.  Appellant filed a written announcement of “ready for trial” on June 20, 2005.  He was freed on bond on July 18, 2005, but he was again arrested for a parole violation on August 7, 2005.  He filed additional announcements of “ready” on July 27 and August 8. 

The trial court held a pretrial hearing on August 23, 2005, some fifteen months after Appellant’s initial arrest.  Appellant expressed his desire to represent himself at the pretrial hearing but requested court-appointed counsel for trial.  The trial court conducted another 
Faretta 
hearing, allowed Appellant to represent himself at the pretrial hearing, and appointed trial counsel. 

Appellant argued several motions at the pretrial hearing:  (1) a motion to dismiss the indictment for violation of Appellant’s right to a speedy trial; (2) a motion to dismiss the indictment as untimely; (3) a motion to quash the indictment; and (4) and a motion to dismiss the indictment because “Pro Se Defendant Has Been Denied His State and Constitutional Right to a Fair Trial Because He Had Been Denied Access to Law Library.”  The trial court denied all four motions.

On August 31, 2005, Appellant, represented by appointed counsel, pleaded guilty to delivery of a controlled substance but reserved his right to appeal the trial court’s denial of his pretrial motions.  The trial court sentenced Appellant to ten years’ confinement in accordance with the plea agreement. Appellant appeals the trial court’s rulings on his four pretrial motions.

Speedy Trial

In his first point, Appellant argues that the trial court erred by denying his motion to dismiss the indictment because the delay between his arrest and his plea hearing violated his right to a speedy trial.

When reviewing a trial court’s ruling on a speedy trial claim, we review legal issues de novo but give deference to a trial court’s resolution of factual issues.  
Kelly v. State
, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005).  We give deference not only to a trial court’s resolution of disputed facts but also to its drawing of reasonable inferences from the facts.  
Id.
  When, as here, the defendant does not prevail on a speedy trial claim, we presume the trial court resolved any disputed fact issues in favor of the State, and we defer to these implied findings of fact that the record supports. 
 Zamorano v. State,
 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).

The Sixth Amendment to the United States Constitution guarantees the accused’s right to a speedy trial.  
U.S. Const. 
amend. VI.  The right to a speedy trial is fundamental and is imposed on the states by the Due Process Clause of the Fourteenth Amendment.  
Barker v. Wingo
,  407 U.S. 514, 515-16, 92 S. Ct. 2182, 2184-85 (1972); 
see 
U.S. Const. 
amend. XIV.  In addition, article I, section 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a speedy and public trial.  
Tex. Const. 
art. I, § 10.  If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution.  
Strunk v. United States
, 412 U.S. 434, 440, 93 S. Ct. 2260, 2263 (1973).
  

In determining whether an accused has been denied his right to a speedy trial, we use a balancing test to weigh the conduct of both the prosecution and the defendant. 
 See Barker, 
407 U.S. at 530, 92 S. Ct. at 2191-92; 
Dragoo v. State
, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).  The factors to be weighed include the length of the delay, the reason for the delay, the defendant’s assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. 
 Barker,
 407 U.S. at 530, 92 S. Ct. at 2192;
 Dragoo, 
96 S.W.3d at 313.  
No single factor alone is necessary or sufficient to establish a violation of the right to a speedy trial.
  Barker
, 407 U.S. at 530, 92 S. Ct. at 2192;
 Dragoo, 
96 S.W.3d at 313.

1. Length of Delay

The first factor, length of the delay, is measured from the time the defendant is arrested or formally accused.  
United States v. Marion
, 404 U.S. 307, 313, 92 S. Ct. 455, 459 (1971); 
Dragoo, 
96 S.W.3d at 313.  We consider the other three factors only when the delay is long enough to be presumptively prejudicial to the defendant. 
 
Emery v. State
,  881 S.W.2d 702, 708 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995).  In general, delay approaching one year is sufficient to trigger a speedy trial inquiry.  
Doggett v. United States
, 505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 2691 n.1 (1992); 
Shaw v. State
, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

In this case, Appellant was arrested in May 2004 and pleaded guilty in August 2005, a delay of fifteen months.  The State concedes that the delay was presumptively prejudicial.  We will, therefore, consider the other three speedy-trial factors.

2. Reason for Delay

When assessing the second factor, the reason for the delay, we assign different weights to different reasons.  
Barker, 
407 U.S. at 531, 92 S. Ct. at  2192.  A deliberate attempt to delay the trial in order to hamper the defense weighs heavily against the government.  
Id.
, 92 S. Ct. at  2192.  A more neutral reason, such as negligence or overcrowded courts, also weighs against the government, though less heavily.  
Id.
,  92 S. Ct. at  2192.  A valid reason, such as a missing witness, will justify the delay and weigh in the government’s favor.  
See id.
,  92 S. Ct. at  2192
; Dragoo, 
96 S.W.3d at 313-14.  A delay attributable to the defendant may constitute a waiver of his right to a speedy trial and weighs heavily against him.  
See State v. Munoz
, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999); 
Webb v. State
, 36 S.W.3d 164, 173 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The State has the initial burden of justifying a lengthy delay.
  
Emery, 
881 S.W.2d at 708; 
Turner v. State
, 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976).

The record in this case reflects four potential reasons for the delay in Appellant’s trial.  First, the State stipulated at the plea hearing that it was not ready for trial within 180 days of Appellant’s arrest.  This accounts for six months of the delay and weighs against the State.

Second, the original indictment was dismissed when the State could not locate a key witness.  The time between dismissal of the original indictment and Appellant’s reindictment accounts for roughly two months of the delay and weighs in the State’s favor.

Third, the State argues that the delay was caused in part by Appellant’s dissatisfaction with appointed counsel.  According to the State, the trial court appointed counsel for Appellant on October 15, 2004, appointed new counsel at Appellant’s request on December 1, 2004, and allowed Appellant to dismiss his second lawyer and proceed pro se on December 22, 2004.  But the record reflects none of this.  Instead, the record shows that Appellant represented himself at the pretrial hearing but requested counsel for trial.  The trial court named several lawyers as potential appointed counsel and finally named one to whom Appellant had no objection.  Thus, the record does not support the State’s argument that the delay was caused in part by Appellant’s dissatisfaction with appointed counsel.

Fourth, the State argues that the many trial settings in Appellant’s case prove that the trial court’s overcrowded court docket caused the delay.  But again, the record does not support the State’s contention.  The only trial setting reflected in the record is the setting at which Appellant pleaded guilty.

Thus, of the four reasons for delay suggested by the State, the record supports only two.  One of those—the State’s unreadiness for trial within 180 days of Appellant’s arrest—weighs against the State; the other—absence of a crucial witness—weighs in favor of the State.

3. Assertion of Right to Speedy Trial

A defendant’s assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant was being deprived of the right.  
Barker
, 407 U.S. at 531-32, 92 S. Ct. at 2192-93.  A defendant has some responsibility to assert his right to a speedy trial, and his failure to do so strongly indicates that he did not really want a speedy trial.
  See Harris v. State, 
827 S.W.2d 949, 957 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 942 (1992).  The manner in which a defendant raises a speedy-trial complaint is also significant.  Although a motion to dismiss notifies the State and the court of the speedy-trial claim, a defendant’s motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim.  
Phillips v. State,
 650 S.W.2d 396, 401 (Tex. Crim. App. 1983).

Appellant never made an explicit demand for a speedy trial.  Instead, he filed pro se announcements of “ready for trial” on June 20, July 27, and August 8, 2005, and he filed a pro se motion to dismiss on August 11, 2005. The “ready” announcements tend to suggest that Appellant sought a prompt trial following his reindictment.  But his August 11 motion to dismiss, following close on the heels of his last “ready” announcement and filed with three other motions to dismiss, suggests that Appellant sought dismissal rather than a speedy trial.  Appellant’s failure to explicitly assert his right to a prompt trial, coupled with his motion to dismiss, weighs against his speedy-trial complaint.

4. Prejudice Resulting from Delay

Prejudice, the fourth factor, is to be considered in light of the interests that the right to a speedy trial was designed to protect.  
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193.  These interests include prevention of extended pretrial incarceration, minimization of anxiety over pending charges, and the prevention of actual prejudice to the defendant’s ability to present a defense.  
Id
. at 532, 92 S. Ct. at 2193.  Proof of actual prejudice is not essential to every speedy trial claim because “excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.”  
Dragoo
, 96 S.W.3d at 315 (citing 
Doggett
, 505 U.S. at 655, 112 S. Ct. at 2693).  But a presumption of prejudice is extenuated by the defendant’s acquiescence in the delay.  
Id.
;  
Doggett
, 505 U.S. at 658, 112 S. Ct. at 2694.  The defendant has the initial burden of showing prejudice.  
Emery
, 881 S.W.2d at 709.

Appellant concedes that the record does not demonstrate specific prejudice.  But he argues that “his incarceration caused him more anxiety and concern beyond what would ordinarily result from being arrested and charged with a serious offense” and points to his frustration over lack of access to a law library during his pretrial incarceration and his “serious medical problems.” 

Appellant does not explain how his alleged lack of access to a law library ties into his speedy-trial claim.  We see neither a connection between the two nor prejudice arising from lack of library access, especially when Appellant ultimately was represented by appointed counsel before he pleaded guilty.  Likewise, we see no connection between Appellant’s medical conditions and his speedy-trial claim.  Appellant does not argue that the trial delay caused or worsened his medical conditions.  Also, when asked by the trial court about his occupational experience in connection with the pretrial 
Faretta 
hearing, Appellant answered, “Criminal.  I mean, like I say, it ain’t nothing to brag about, but that’s it.”  From this statement, the trial court could reasonably infer that Appellant’s pending charges caused him less anxiety and concern than the same charges would cause a person with a more conventional work history.

Appellant also contends that the length of the delay makes it presumptively prejudicial.  Courts have held that delays of five years and longer are presumptively prejudicial.  
See
 
Doggett
, 505 U.S. at 654-57, 112 S. Ct. at 2692-94 (holding delay of eight and one-half years was presumptively prejudicial); 
Guajardo v. State,
 999 S.W.2d 566, 570 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (holding delay of five years was presumptively prejudicial); 
Thompson v. State
, 983 S.W.2d 780, 786 (Tex. App.—El Paso 1998, pet. ref’d) (holding eight-year delay was presumptively prejudicial).  Shorter delays are not presumptively prejudicial.  
See Traylor v. State
, No. 04-04-00432-CR, 2005 WL 1458211, at *4 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) (not designated for publication) (“We refuse to hold that a delay of fourteen months is presumptively prejudicial.”); 
State v. Wray,
 No. 05-01-01799-CR, 2002 WL 1763567, at *4 (Tex. App.—Dallas July 31, 2002, pet. dism’d) (mem. op.) (not designated for publication) (holding delay of two and half years was not presumptively prejudicial).  We decline to hold that the fifteen-month delay in this case was presumptively prejudicial.

5. Balancing the Factors

Having addressed the four 
Barker
 factors, we must now balance them.  Weighing in favor of Appellant’s speedy-trial claim are the length of the delay and the State’s 180-day delay in announcing “ready” for trial.  Weighing against his claim is his failure to explicitly request a speedy trial and, more importantly, his failure to show prejudice arising from the delay.  We hold that the four factors, balanced together, weigh against finding a violation of Appellant’s right to a speedy trial.   Accordingly, we overrule Appellant’s first point. 

Untimely Indictment

In his second and third points, Appellant argues that the trial court “arguably” erred by failing to dismiss the indictment as untimely under article 32.01 of the code of criminal procedure. 

Article 32.01 requires dismissal of a prosecution when the defendant is held in custody or admitted to bail and no indictment is presented within 180 days of his arrest.  
Tex. Code Crim. Proc. Ann.
 art.
 32.01 (Vernon 2004).  Appellant was arrested on May 20, 2004, and the first indictment was returned on October 11, 2004, 144 days later; thus, the grand jury returned an indictment within article 32.01’s 180-day deadline.  And, as Appellant concedes, a motion to dismiss under article 32.01 has no effect if it is presented after an indictment is returned.  
Brooks v. State
, 990 S.W.2d 278, 285 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 956 (1999); 
State v. McCoy, 
94 S.W.3d 296, 300-01 (Tex. App.—Corpus Christi 2002, no pet.).  Appellant did not file a motion to dismiss until after the grand jury returned the first and second indictments.  Therefore, we overrule Appellant’s second and third points.

Access to Law Library

In his last point, Appellant argues that the trial court erred by overruling his motion to dismiss the indictment because he was denied access to a law library.  The gist of Appellant’s argument is that a pro se defendant is constitutionally entitled to access to a law library to prepare his defense.  We review the trial court’s rulings on a motion to dismiss an indictment for abuse of discretion.  
Thomas v. State
, 621 S.W.2d 158, 163 (Tex. Crim. App. [Panel Op.] 1980).

On January 24, 2005, the trial court signed an order granting Appellant access to the county law library for at least three hours each week.  On March 6, 2005, Appellant sent a letter to the sheriff’s department requesting that the department comply with the court’s order, and he made a similar request July 26, 2005.  Appellant filed a motion to dismiss because he had been denied access to a law library, and he argued the motion at the pretrial hearing.  The trial court denied the motion at Appellant’s plea hearing. 

In 
Kane v. Garcia Espitia
, the United States Supreme Court noted that “federal appellate courts have split on whether 
Faretta
, which establishes a Sixth Amendment right to self-representation, implies a right of the pro se defendant to have access to a law library.”  546 U.S. 9, 9, 126 S. Ct. 407, 408 (2005)
.  
The Court held that the denial of access to a law library cannot provide a basis for a pro se petitioner’s habeas relief because no Supreme Court case clearly establishes a pro se petitioner’s constitutional right to law library access.  
Id.  
In light of 
Kane
, we cannot say that the trial court abused its discretion by denying Appellant’s motion to dismiss.
  

We would reach the same result even if the law clearly recognized a pro se defendant’s right to access a law library because Appellant was not proceeding pro se when he pleaded guilty.  The trial court appointed trial counsel at Appellant’s request, counsel appeared with Appellant and advised him at the plea hearing, and Appellant acknowledged in writing that he was totally satisfied with counsel’s representation and that counsel was completely competent in every aspect of representation.  Because Appellant was not acting pro se when he pleaded guilty, the question of pro se access to a law library is moot.

We overrule Appellant’s fourth point.

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 7, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See
 
Faretta v. California
, 422 U.S. 806, 807-08, 95 S. Ct. 2525, 2527 (1975).

3:
We note that Appellant has achieved some success as a pro se defendant.  In 1967, the United States Supreme Court granted his pro se petition for writ of certiorari and ultimately reversed Appellant’s conviction for attempted murder.  
See
 
Burgett v. Texas,
 389 U.S. 109, 116, 88 S. Ct. 258, 262 (1967).