Wayne Evans **MORRIS,** Petitioner–Appellant,

v.

R.A. **CASTRO,** Warden; et al., Respondents–Appellees.

No. 06–17098.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wayne Evans Morris, Soledad, CA, pro se.

John A. O'Sullivan, Esq., Tami M. Warwick, Esq., Angelo Sipin Edralin, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Wayne Evans Morris appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *Plascencia v. Alameida*, 467 F.3d 1190, 1197 (9th Cir.2006), and we affirm.

First, we reject each of Morris' contentions alleging trial court errors, ineffective assistance of counsel, and prosecutorial misconduct that were decided on the merits by the state courts. The trial court's admission of the rebuttal testimony of a deputy sheriff did not render the trial fundamentally unfair, and therefore did not violate Morris's due process rights.[1]

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. To the extent Morris separately contends that the state committed prosecutorial misconduct by calling the witness in rebuttal, we conclude that the state's action did not so infect the trial with unfairness as to make the resulting conviction a violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

See *Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Plascencia,* 467 F.3d at 1203–04. We further conclude that Morris's counsel was not deficient for failing to interview the deputy sheriff, or for failing to use expert witnesses at trial. In light of the evidence presented in the state's case-in-chief, Morris cannot establish a reasonable probability that the jury's verdict would have been different but for such alleged errors. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We further conclude that the record does not support the contention that the state or the trial court denied Morris's right to represent himself under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *See Sandoval v. Calderon,* 241 F.3d 765, 774 (9th Cir.2001) ("This right ... occupies no hallowed status similar to the right to counsel enshrined in the Sixth Amendment"); *see also Kane v. Garcia Espitia,* 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (per curiam) (holding that a pro se defendant has no clearly established right to access to a law library). Accordingly, the California courts' decisions rejecting these contentions were neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

■■■ Next, we also reject each of Morris' contentions that were not decided on the merits by the state courts. Morris contends that the trial court erred by precluding questioning of law enforcement witnesses about whether the suspects wore masks, and by allowing the victims to identify Morris in court as the perpetrator. We conclude that, because the slight value of the excluded testimony did not outweigh the state's interest in exclusion, the trial court's ruling did not violate due process. *See Miller v. Stagner,* 757 F.2d 988, 994 (9th Cir.1985), *amended on other grounds,*

768 F.2d 1090 (9th Cir.1985). Further, the record does not support the contention that the in-court identifications were tainted by procedures that created a substantial likelihood of misidentification. *See Neil v. Biggers,* 409 U.S. 188, 198–99, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Johnson v. Sublett,* 63 F.3d 926, 929 (9th Cir.1995). Moreover, in light of the other evidence, neither decision by the trial court had "a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Morris further contends that the prosecution violated due process by suppressing exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and by eliciting false testimony from a deputy sheriff. However, the record does not show that the prosecution failed to disclose evidence favorable to the defense. *See id.* Further, Morris points to no evidence showing that any testimony was actually false. *See Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Mancuso v. Olivarez,* 292 F.3d 939, 957 (9th Cir. 2002). Accordingly, Morris has failed to establish that the state committed prosecutorial misconduct in violation of his due process rights. *See Darden,* 477 U.S. at 181, 106 S.Ct. 2464; *Mancuso,* 292 F.3d at 957.

**AFFIRMED.**