Kenneth W. REED, Petitioner–Appellant,

v.

Dora B. SCHRIRO, Director, Respondent–Appellee.

No. 07–15916.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.*

Filed Aug. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Philip A. Seplow, Esq., Law Offices of Philip A. Seplow, Phoenix, AZ, for Petitioner–Appellant.

Jim D. Nielsen, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, Vincent L. Rabago, Esq., AGAZ—Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

Before: WALLACE and GRABER, Circuit Judges, and SCHIAVELLI,** District Judge.

MEMORANDUM ***

Kenneth W. Reed appeals from the district court's order dismissing his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

■ First, Reed argues that the trial court violated his Sixth Amendment right to a speedy trial. Reed did not raise this claim in the Arizona Court of Appeals, however, so the district court correctly concluded that his claim was procedurally defaulted. *Castillo v. McFadden,* 399 F.3d 993, 1000 (9th Cir.2005). The fact that the Arizona Court of Appeals complied with Reed's general request to "search the record for fundamental error" was not sufficient to exhaust the claim. *See id.* at 999. Moreover, Reed has not demonstrated cause and prejudice or "a fundamental miscarriage of justice" sufficient to excuse his procedural default. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In addition, he has not shown that there is any substantive merit to his speedy trial claim. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (listing four-part test for speedy trial violation).

■ Second, Reed argues that the trial court violated his right to self-representation under the Sixth Amendment and his right to access the courts under the Fifth and Fourteenth Amendments, by denying him access to adequate legal resources. Reed has not shown that the decision of the Arizona Court of Appeals rejecting his argument on this issue was contrary to, or an unreasonable application of, clearly established Federal law. 28 U.S.C. § 2254(d). The Supreme Court has never established a clear Sixth Amendment right of access to legal materials for pro se defendants. *See Kane v. Garcia Espitia,* 546 U.S. 9, 10, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005) (per curiam). With respect to Reed's related claims under the Fifth and Fourteenth Amendments, the district court correctly concluded that he failed to allege any specific injury or prejudice arising out of the allegedly deficient legal resources. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606

---

** The Honorable George P. Schiavelli, United States District Court for the Central District of California, sitting by designation.

■ This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(1996). Finally, the district court correctly held that Reed's waiver of counsel claim was procedurally defaulted, because he did not raise it at the state court level. *Castillo*, 399 F.3d at 1000.

■ Third, Reed argues that the trial court erred in allowing the introduction of evidence of his involvement in a separate robbery of a Best Buy store. In order to successfully challenge the trial court's evidentiary decision through a federal habeas petition, Reed must show a denial of due process. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Reed has not made this showing because there were many permissible inferences that the jury could draw from his involvement in the robbery. *See Leavitt v. Arave*, 383 F.3d 809, 829 (9th Cir.2004) (holding that due process is violated if evidence of prior bad acts "goes only to character and there are *no* permissible inferences the jury may draw from it" (internal quotation marks omitted)).

■ Fourth, Reed argues that his right to testify was violated because the prosecution expressed an intention to impeach him with his prior convictions and the court refused Reed's pre-trial request to challenge those convictions. The Arizona Court of Appeals rejected this argument on the ground that even if Reed *was* discouraged from testifying, his right to testify was not violated because impeachment by prior felony convictions would have been entirely proper. On appeal, Reed does not contend that this decision was contrary to or an unreasonable application of federal law. His general arguments based on Arizona statutory law are not sufficient to support a claim for federal habeas relief. 28 U.S.C. § 2254(d).

Fifth, Reed challenges the constitutionality of his sentence. He has offered no clearly established federal law, however, to support his argument that the imposition of two consecutive 21–year sentences violates the Eighth Amendment. Reed's argument under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), likewise fails. Reed concedes that *Apprendi* does not apply retroactively to his case. Furthermore, he may not rely on *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), to extend temporally the reach of *Apprendi* to cover the date of his sentencing. *See Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 864, 166 L.Ed.2d 856 (2007).

■ Sixth, Reed argues that he was subject to excessive pre-indictment delay. The Arizona Court of Appeals rejected this argument, and Reed has not shown that the court's decision was contrary to or an unreasonable application of clearly established federal law. In fact, the Supreme Court has specifically declined to create a definitive test for determining when pre-indictment delay violates due process. *United States v. Lovasco*, 431 U.S. 783, 796–97, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Moreover, because Reed did not demonstrate reasonable diligence in developing the factual record in his state proceedings, we also reject his argument that the district court should have provided him a hearing on the issue of pre-indictment delay. *Williams v. Taylor*, 529 U.S. 420, 434, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

■ Seventh, Reed argues that his appellate counsel provided ineffective assistance by improperly filing an *Anders* brief without reviewing all of the transcripts and material from his file. Reed has pointed to no specific evidence contained in these allegedly missing files, nor has he demon-

strated any claims to which these files may have given rise. *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Furthermore, even if Reed could show deficient performance by his attorney, he has not demonstrated prejudice as he has not shown a reasonable likelihood that he would have succeeded on appeal if his attorney had accessed the allegedly missing materials. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Reed's complaints about the performance of his arraignment attorney likewise fail. At most, Reed faults his attorney for a "tactical decision" not to request immediate trial, and such decisions "cannot form the basis for a claim of ineffective assistance of counsel." *Wildman v. Johnson,* 261 F.3d 832, 839 (9th Cir.2001).

█ Finally, Reed argues that he was denied a right to meaningful appeal because the Arizona Court of Appeals failed to review his entire underlying record on appeal. The district court properly held this argument procedurally defaulted, because Reed was required to pursue any claims of judicial misconduct through a petition for review to the Arizona Supreme Court. In addition, because Reed had no constitutional right to effective assistance of counsel in a discretionary appeal, his attorney's failure to raise the issue on appeal is not "cause" to excuse procedural default. *See Smith v. Idaho,* 392 F.3d 350, 356–57 (9th Cir.2004).

**AFFIRMED.**