ACCEPTED
01-14-00848-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 9:06:21 AM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00848-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

——————◆——————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/30/2015 9:06:21 AM

CHRISTOPHER A. PRINE
Clerk

**No. 1870305**

In the County Criminal Court at Law No. 4
Of Harris County, Texas

——————◆——————

# NOMATHEMBA Y. SITAWISHA

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

——————◆——————

# STATE'S APPELLATE BRIEF

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC No. 796910
kugler_eric@dao.hctx.net

**CASEY LITTLE**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for Appellee*

ORAL ARGUMENT REQUESTED ONLY IF GRANTED TO APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is granted to the appellant.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**Casey Little** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Nomathemba Y. Sitawisha**

Counsel for Appellant:

**Cheri Duncan** — Assistant Public Defender on appeal

**Nomathemba Y. Sitawisha** — Pro se at trial

Trial Judge:

**Hon. John Clinton** — Presiding Judge

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ................................................i

IDENTIFICATION OF THE PARTIES ...................................................i

INDEX OF AUTHORITIES.......................................................... iii

STATEMENT OF THE CASE..........................................................1

STATEMENT OF FACTS ...........................................................1

REPLY TO APPELLANT'S SOLE POINT OF ERROR.......................................2

   A.   The appellant knowingly and intelligently chose to represent herself with a full understanding of her right to counsel after receiving judicial admonishments on the dangers and disadvantages of self-representation......................................3

   B.   Because the evidence of guilt was strong and the testifying toxicologist was subject to cross-examination, the appellant was not harmed by the lack of any admonishments on her alleged right to a taxpayer-funded toxicologist. .............10

CONCLUSION....................................................................12

CERTIFICATE OF SERVICE AND COMPLIANCE .........................................13

# INDEX OF AUTHORITIES

**CASES**

*Ake v. Oklahoma,*
470 U.S. 68 (1985) ....................................................................................6, 8

*Brady v. Maryland,*
373 U.S. 83 (1963) ........................................................................................9

*Britt v. North Carolina,*
404 U.S. 226 (1971) ......................................................................................6

*Cain v. State,*
947 S.W.2d 262 (Tex. Crim. App. 1997)....................................................10

*Caldwell v. Mississippi,*
472 U.S. 320 (1985) ......................................................................................7

*Chadwick v. State,*
309 S.W.3d 558 (Tex. Crim. App. 2010)......................................................4

*Dusky v. United States,*
362 U.S. 402 (1960) ......................................................................................4

*Faretta v. California,*
422 U.S. 806 (1975) ......................................................................................3

*Godinez v. Moran,*
509 U.S. 389 (1993) ......................................................................................3

*Indiana v. Edwards,*
554 U.S. 164 (2008) ......................................................................................4

*Johnson v. State,*
967 S.W.2d 410 (Tex. Crim. App. 1998)....................................................10

*Kane v. Garcia-Espitia,*
546 U.S. 9 (2006) ..........................................................................................7

*King v. State,*
953 S.W.2d 266 (Tex. Crim. App. 1997)....................................................10

*Little v. Armontrout,*
835 F.2d 1240 (8th Cir. 1987)......................................................................6

*Missouri v. Armentrout*,
8 S.W.3d 99 (Mo. 1999)............................................................. 5, 6, 9

*Moore v. State*,
999 S.W.2d 385 (Tex. Crim. App. 1999)...........................................3

*Morales v. State*,
32 S.W.3d 862 (Tex. Crim. App. 2000)............................................11

*Motilla v. State*,
78 S.W.3d 352 (Tex. Crim. App. 2002)............................................11

*Simmons v. United States*,
390 U.S. 377 (1968) ..................................................................6

*United States v. Agurs*,
427 U.S. 97 (1976) ...................................................................9

*United States v. Bagley*,
473 U.S. 667 (1985) ..................................................................9

*United States v. Wilson*,
690 F.2d 1267 (9th Cir. 1982)......................................................7

*Uresti v. State*,
98 S.W.3d 321 (Tex. App.—
Houston [1st Dist.] 2003, no pet.) ...............................................4

*Williams v. Martin*,
618 F.2d 1021 (4th Cir. 1980).....................................................8

## CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. VI ...............................................................3

U.S. CONST. amend. XIV ............................................................3

## STATUTES

TEX. CODE CRIM. PROC. art. 1.051 (West 2010).................................3

TEX. PENAL CODE § 49.01 (West 2010)...........................................8

**RULES**

TEX. R. APP. P. 39......................................................................................................... i

TEX. R. APP. P. 44.2(b)................................................................................................10

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with DWI committed on December 29, 2012 (CR – 7). She pled "not guilty" to the charge, and the case was tried to a jury (CR – 64). The jury found her guilty and assessed punishment at 105 days in jail on October 1, 2014 (CR – 64). The appellant filed notice of appeal that same day, but the trial court has not yet certified her right to appeal (CR – 67, 71).

## STATEMENT OF FACTS

During the night of December 29, 2012, Natasha Wilson and her husband were on their way home when they saw a red sports car driven by the appellant coming at full speed toward them (RR. IV – 13-14, 24, 29, 41-42). Wilson's husband reversed their vehicle to avoid a collision (RR. IV – 16). The appellant's sports car jumped the curb and crashed into a pole (RR. IV – 16-17, 36) (RR. V – 17). The appellant then nearly hit the Wilson's vehicle a second time when she tried to back out of the crash scene and leave the area (RR. IV – 17). Natasha called 911 (RR. IV – 17).

Jared Taylor with the Jersey Village Police Department was in the middle of a traffic stop with another vehicle when someone pulled up to him and said, "Hey,

there was some lady back here who jumped the curve and hit a pole; and she almost hit us….She's parked back here." (RR. IV – 35-36). Taylor drove over to the appellant's location with his emergency lights activated (RR. IV – 36). He saw that the appellant's vehicle had a damaged front windshield and some flat tires that were consistent with running over a curb and hitting a pole (RR. IV – 38-39) (RR. V – 12-13, 17). The appellant was still sitting in the driver's seat, and the vehicle was still running (RR. IV – 39) (RR. V – 12, 15).

The appellant was lethargic, with half-opened eyes (RR. IV – 39). She was belligerent, yelling, using profanity, and unsteady on her feet (RR. IV – 40) (RR. V – 13-15). She also reeked of alcohol (RR. IV – 40) (RR. V – 13). She refused to cooperate or perform any field sobriety tests, so the officers obtained a search warrant for and a sample of her blood (RR. V – 67-80). She was arrested around 2:45 a.m.; the blood was drawn at 5:03 a.m., and it showed an alcohol level of 0.21, which was more than twice the legal limit (RR. V – 108-109, 171-172) (St. Ex. 12).

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

In her sole point of error, the appellant complains that the trial court erred by failing to advise her that she had the right to request funds for an expert witness. (App'nt Brf. 3). This claim lacks merit because the appellant has failed to show

that the Constitution requires state funding for a toxicologist in a routine DWI trial, that the Constitution requires such funding where a defendant chooses to represent herself, or that a trial court errs in failing to admonish a pro se litigant of the right to receive such funding.  Furthermore, the appellant was not harmed by the lack of any such admonishments because the evidence of guilt was strong and the testifying toxicologist was subject to cross-examination.

**A.    The appellant knowingly and intelligently chose to represent herself with a full understanding of her right to counsel after receiving judicial admonishments on the dangers and disadvantages of self-representation.**

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court may dispense with counsel and make her own defense. *Faretta v. California*, 422 U.S. 806, 818–20 (1975); *Moore v. State*, 999 S.W.2d 385, 386 (Tex. Crim. App. 1999); *see also* U.S. CONST. amends. VI, XIV.  Such a decision, to be constitutionally effective, must be made: (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Godinez v. Moran*, 509 U.S. 389, 400–01 (1993); *Faretta*, 422 U.S. at 834–36; *see also* TEX. CODE CRIM. PROC. art. 1.051 (West 2010).  The decision to waive counsel and proceed pro se is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Moore*, 999

3

S.W.2d at 409 n.5 (citing *Faretta*, 422 U.S. at 834–36). The decision is made "voluntarily" if it is uncoerced. *Id.* (citing *Godinez*, 509 U.S. at 401 n.12).

The standard of competency to waive counsel is the same as that required to stand trial or to plead guilty: whether the defendant has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against her. *See Godinez*, 509 U.S. at 395 (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). In addition, judges are permitted to "take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Indiana v. Edwards*, 554 U.S. 164, 177–78 (2008).

Whether a party is competent to proceed pro se is a mixed question of law and fact turning on an evaluation of credibility and demeanor; thus, this Court must review the trial court's ruling on the issue for an abuse of discretion. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010). This Court must also afford almost total deference to the trial court's rulings when the resolution of the issue turns on an evaluation of credibility and demeanor, and view the evidence in the light most favorable to those rulings. *Id.* And this Court must imply any findings of fact supported by the evidence and necessary to support the ruling when the trial court fails to make explicit findings. *Id..*

In the present case, the trial court conducted a *Faretta* hearing prior to allowing the appellant to represent herself (RR. II – 4-6). The appellant acknowledged that she had a high school education with some additional college classes and that she understood the dangers of being self-represented (RR. II – 4). She also stated that she knew she was charged with a class A DWI that had a penalty range "from probation to a dollar fine up to a year in jail and a 4,000-dollar fine." (RR. II – 4-5). She affirmed that she had to follow the rules of evidence and procedure, that she would not be given special consideration, that she would not obstruct the orderly procedure of the case, and that she had no right to standby counsel (RR. II – 5). The appellant also signed written *Faretta* warnings, which acknowledged her right to free legal counsel and repeated the oral warnings (CR – 46-47). Thus, the appellant was properly admonished, and the trial court did not abuse its discretion in allowing the appellant to represent herself.

The appellant claims that the trial court should also have admonished the appellant that she had the right to the appointment of an expert witness on the issue of intoxication. (App'nt Brf. 9-11). In *Missouri v. Armentrout*, 8 S.W.3d 99, 105 (Mo. 1999), the Missouri Supreme Court addressed a similar argument. It first recognized that *Faretta* guarantees the accused in a criminal prosecution the right to self-representation in lieu of the right to assistance of counsel. *Id.* It also noted that the Sixth Amendment right to counsel encompasses "the basic tools for an

adequate defense," that must "be provided to those defendants who cannot afford to pay for them." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985)). And it stated that the State may not require a defendant to relinquish one of two procedural rights in order to obtain the protection of the other. *Armentrout*, 8 S.W.3d at 105 (citing *Simmons v. United States*, 390 U.S. 377, 394 (1968)). But it then concluded:

> In this case, it is clear that the appellant had the right to represent himself under *Faretta*. But it is not at all clear that *Ake* requires state funding for a toxicologist in a routine DWI trial, or that *Ake*, which involved a defendant represented by counsel, requires any funding whatsoever where a defendant chooses to represent himself.

*Armentrout*, 8 S.W.3d at 105; *see also Little v. Armontrout*, 835 F.2d 1240, 1243 (8th Cir. 1987) ("While the state need not provide the indigent with all the tools the wealthy may buy, it must provide the defendant with the 'basic tools of an adequate defense.'") (citing *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)).

Whether something is a basic tool of an adequate defense that the State must provide to an indigent defendant depends on the circumstances. In *Ake*, the Supreme Court specifically decided that the Constitution requires a state to provide an indigent defendant with the assistance of a psychiatrist on the issue of the defendant's sanity at the time of the offense "when [the] defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial." *Ake*, 470 U.S. at 74. Importantly, the Court noted that

6

"the indigent defendant [does not] ha[ve] a constitutional right...to receive funds to hire his own" psychiatrist, and left "to the State the decision on how to implement this right." *Id*., 470 U.S. at 83.

In *Caldwell v. Mississippi*, 472 U.S. 320 (1985), the Supreme Court suggested that *Ake* should not be read expansively:

> Petitioner also raises a challenge to his conviction, arguing that there was constitutional infirmity in the trial court's refusal to appoint various experts and investigators to assist him.... [P]etitioner also requested appointment of a criminal investigator, a fingerprint expert, and a ballistics expert, and those requests were denied. The State Supreme Court affirmed the denials because the requests were accompanied by no showing as to their reasonableness..... Given that petitioner offered little more than undeveloped assertions that the requested assistance would be beneficial, we find no deprivation of due process in the trial judge's decision. *Cf. Ake* [] (discussing showing that would entitle defendant to psychiatric assistance as matter of federal constitutional law). We therefore have no need to determine as a matter of federal constitutional law what if any showing would have entitled a defendant to assistance of the type here sought.

*Id.*, 472 U.S. at 323 n.1.

In *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982), the Ninth Circuit found that the right to self-representation did not include "further rights to materials, facilities, or investigative or educational resources that might aid self-representation." And the Supreme Court adopted this view in *Kane v. Garcia-Espitia*, 546 U.S. 9 (2006), stating, "*Faretta* says nothing about any specific legal aid that the State owes a pro se criminal defendant...The...court below therefore

erred in holding, based on *Faretta*, that a violation of a law library access right is a basis for federal habeas relief." *Id.*, 546 U.S. at 10. Thus, without a clearly stated intent from the Supreme Court to extend *Faretta*, this Court should not expand the requirement of State-provided toxicologists in every DWI trial.

The appellant attempts to limit the provision of taxpayer-funded toxicologists to only DWI trials where the State has alleged a blood-alcohol level of 0.15 or higher. (App'nt Brf. 6). But there is no principled reason for doing so. Whether the 0.15 level is a substantive element of the offense is irrelevant on this issue because intoxication is nevertheless defined in part as "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE § 49.01 (West 2010). Thus, the appellant's rule would require "state funding for a toxicologist in a routine DWI trial," when such a requirement is not at all clear. *Armentrout*, 8 S.W.3d at 105. Indeed, the circumstances under which the Constitution requires provision of such experts remain few. *See Ake*, 470 U.S. 68 (requiring a psychiatrist to assist in preparation and presentation of defense once defendant demonstrates that sanity is likely to be significant issue at trial; however that right does not guarantee the psychiatrist of defendant's choice); *Williams v. Martin*, 618 F.2d 1021 (4th Cir. 1980) (holding pathologist required where a substantial question regarding the cause of death required expert testimony). The appellant had failed to cite any cases that have extended Ake to toxicologists in routine DWI cases.

The appellant cites *United States v. Agurs*, 427 U.S. 97 (1976), for the proposition that evidence is "material, within the meaning of *Ake*, if its omission would create 'a reasonable doubt that did not otherwise exist'." (App'nt Brf. 7). But *Agurs* did not address *Ake* at all; *Agurs* dealt with the production of evidence by the State to the defendant under *Brady v. Maryland*, 373 U.S. 83 (1963). Furthermore, the holding in *Agurs* has since been modified by *United States v. Bagley*, 473 U.S. 667 (1985). Under *Bagley*, evidence is material if its suppression "undermines confidence in the outcome of the trial." *Id.*, 473 U.S. at 678. Thus, *Agurs* has nothing relevant to say about the appellant's argument.

The appellant has failed to show that *Ake* requires state funding for a toxicologist in a routine DWI trial, or that *Ake*, which involved a defendant represented by counsel, requires any funding whatsoever where a defendant chooses to represent himself. *See Armentrout*, 8 S.W.3d at 105. She has also failed to show that, even if such funding were required, a trial court errs in failing to admonish a pro se litigant of the right to receive such funding. Therefore, the appellant's sole point of error lacks merit and should be overruled. The conviction should be affirmed.

**B.** **Because the evidence of guilt was strong and the testifying toxicologist was subject to cross-examination, the appellant was not harmed by the lack of any admonishments on her alleged right to a taxpayer-funded toxicologist.**

The Court of Criminal Appeals has stated that, "except for certain federal constitutional errors labeled by the Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Therefore, this Court must apply Rule 44.2(b) of the Texas Rules of Appellate Procedure and determine whether the lack of additional admonishment has affected the appellant's substantial rights. TEX. R. APP. P. 44.2(b) .

Rule 44.2(b) of the Texas Rules of Appellate Procedure provides that any non-constitutional "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). A substantial right is affected when an error has a substantial, injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect," this Court must consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The weight of the evidence of the defendant's guilt is a relevant factor in conducting a harm analysis under Rule 44.2(b). *Motilla v. State*, 78 S.W.3d 352, 360 (Tex. Crim. App. 2002) (quoting *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)). And the evidence supporting the appellant's guilt was strong. She was found by a police officer in the driver's seat with her sports car still running (RR. IV – 39) (RR. V – 12, 15). She was lethargic, acted belligerent, used profanity, was unsteady on her feet, reeked of alcohol, and refused to cooperate or perform any field sobriety tests (RR. IV – 39-40) (RR. V – 13-15, 67-80). Her condition and the condition of the vehicle corroborated the credible testimony of the citizens who were almost her victims. Finally, more than two hours after the crash, her blood alcohol level was still in the stratosphere (RR. V – 108-109, 171-172) (St. Ex. 12).

Another relevant factor in a harm analysis under Rule 44.2(b) is "the character of the alleged error and how it might be considered in connection with other evidence in the case." *Id.*, 78 S.W.3d at 359 (quoting *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)). In the present case, the appellant had ample opportunity to cross-examine the toxicologist who testified at trial, and she did so over the course of more than thirty pages of the reporter's record and through two recrosses (RR. V – 172-199, 203-206, 207-208). Furthermore, while the appellant claims that her case is unique because she was accused of having a

11

blood alcohol level of over 0.15, the judgment reflects that the appellant was found guilty of the class B misdemeanor of "DWI 1ˢᵗ Offender BAC .08." (CR – 64). Thus, the lack of admonishments on her alleged right to a taxpayer-funded toxicologist could not have had more than a slight effect on the verdict. The appellant was not harmed, and her sole point of error should be overruled

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ Eric Kugler
ERIC KUGLER
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
kugler_eric@dao.hctx.net
TBC No. 796910

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 3,562 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Cheri Duncan
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002
Cheri.duncan@pdo.hctx.net

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
TBC No. 796910

Date: September 30, 2015

13