NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR GOMEZ, | No. 18-55722 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-04678-SJO-AFM |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
For the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 2, 2020**
Seattle, Washington

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,*** District Judge.

Plaintiff-Appellant Edgar Gomez appeals the district court's order denying

his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C.

§ 2253. Reviewing the denial of a habeas petition de novo, *Hernandez v. Holland*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

750 F.3d 843, 852 (9th Cir. 2014), we affirm.

This Circuit has concluded that the holding in *Faretta v. California*, 422 U.S. 806 (1975), requires that a request to proceed pro per be timely, and that a timely request is one that is made "weeks before" trial. *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004); *Moore v. Calderon*, 108 F.3d 261, 265 (9th Cir. 1997). Appellant's request was made moments before trial, not weeks before. Accordingly, Appellant has not shown that the state court's decision was "contrary to, or involved an unreasonable application of," *Faretta*. 28 U.S.C. § 2254(d)(1); *see Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) ("Because the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely.").

Furthermore, the trial court was not required to conduct further questioning after finding the pro per request untimely because the *Faretta* requirements are inclusive, meaning the failure of any factor may be reason for denial. *See Erskine*, 355 F.3d at 1167 ("A defendant's decision to forgo counsel and instead to defend himself . . . is valid if the request is timely, not for the purposes of delay, unequivocal, *and* knowing *and* intelligent." (emphasis added)). In addition, no clearly established federal law exists creating this requirement. Therefore, the trial court's actions cannot be a basis for habeas relief. *See Stenson v. Lambert*, 504

F.3d 873, 881 (9th Cir. 2007); *Kane v. Espitia*, 546 U.S. 9, 10 (2006).

**AFFIRMED.**