HARDIMAN, Circuit Judge,
dissenting, joined by CHAGARES, GREENAWAY, JR., and VANASKIE, Circuit Judges.
Judge Greenaway has succinctly explained how the Court has gone astray in this case, and I join his dissent in its entirety. I write separately because I think the reason why the majority has erred illuminates how it has done so.
I
Since its enactment in 1996, no law has so vexed the United States Courts of Appeals as the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. In twelve years, the Supreme Court has granted certiorari in ninety-four cases arising under AEDPA, forty-six of which involved questions of federal court *413 deference to decisions of state courts.[1] Thirty-four of those cases (approximately seventy-four percent) have been reversed because the court of appeals failed to afford sufficient deference to the state court.[2] Remarkably, twenty-two of those *414 cases — almost fifty percent — were reversed without dissent.[3]
*415 The Supreme Court decisions catalogued in the margin echo a common mistake: the failure to adhere to AEDPA’s extraordinarily deferential standard of review. Our Court makes that same mistake today.
The majority’s fundamental error is manifest in the question we presented to the parties: “whether the district court erred in considering the defendant’s 1997 conviction for second-degree burglary in determining whether the defendant should be sentenced under Pennsylvania’s ‘three strikes’ law, 42 Pa. Cons.Stat. § 9714.” This was the wrong question to ask in an AEDPA case that originated in state court. As the Commonwealth of Pennsylvania correctly argued, “[ujnder the federal habeas statute, ‘the only question that matters [is] whether [the] state court decision is contrary to, or involved an unreasonable application of, clearly established federal law.’” Appellee’s Supp. Br. 1 (emphasis added) (quoting Lockyer v. Andrade, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). Indeed, “a state prisoner must show that the state court’s ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington v. Richter, — U.S.-, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). Even petitioner Garrus acknowledged — albeit in somewhat apologetic fashion — that the question we presented invited argument under the wrong legal standard:
The question presented is somewhat ambiguous because the district court did not “consider” the 1997 burglary conviction for purposes of “determining whether the defendant should be sentenced under Pennsylvania’s ‘three strikes’ law.” Instead, applying 28 U.S.C. § 2254(d)(1), the district court analyzed whether the Pennsylvania Superior Court unreasonably applied clearly established U.S. Supreme Court precedent when it upheld the state sentencing court’s decision to rely on police reports and witness statements to make findings of fact about the 1997 burglary conviction, only to rely on those findings to impose an enhanced sentence under the Three Strikes Law.
Appellant’s Br. 1 n.l.
Instead of posing a question that circumvented AEDPA’s deferential standard of review, we should have asked whether any Supreme Court decision directly prohibits a state court judge from looking to the facts underlying a defendant’s prior conviction when considering a recidivism enhancement. The answer to that question is “no.”
II
Central to the state court’s decision was the issue of who — judge or jury — should find facts regarding prior convictions when assessing a defendant’s history of recidivism. Because recidivism “ ‘does not relate to the commission of the offense, but goes to the punishment only, [it] therefore ... may be subsequently decided’ ” by the sentencing judge. Almendarez-Torres v. United States, 523 U.S. 224, 244, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (quoting Graham v. West Virginia, 224 U.S. 616, 629, 32 S.Ct. 583, 56 L.Ed. 917 (1912)). Garrus did not even attempt to explain why his case does not fall squarely within the recidivism exception announced in Almendarez-Torres. Instead, he relied entirely on Apprendi v. New Jersey, 530 U.S. 466, 120 *416 S.Ct. 2348, 147 L.Ed.2d 435 (2000). But as then-judge Sotomayor wrote for the Court of Appeals for the Second Circuit, in a case not subject to AEDPA’s deferential standard of review, “recidivism has long been considered a distinct issue,” and “[njothing in Apprendi itself — as it involved a hate crime statute enhancing sentences based on the motivation underlying the crime-— calls that distinction into question.” United States v. Santiago, 268 F.3d 151, 156 (2d Cir.2001). Judge Sotomayor then clearly explained why Apprendi is of no help to habeas petitioners such as Garras:
Almendarez-Torres explains why recidivism requires special treatment, and absent an explicit Supreme Court ruling to the contrary, we decline to institute a policy that runs counter to the principles set forth in that opinion. In short, we read Apprendi as leaving to the judge ... the task of finding not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the “who, what, when, and where” of a prior conviction.

Id.

If this were not a case governed by AEDPA and the question presented was whether what befell Garras violated the rule of Apprendi, the majority’s decision might well be correct. It is no secret that Almendarez-Torres is one of the most tenuous precedents of the Supreme Court; three of the five sitting justices who participated in Apprendi have openly criticized Almendarez-Torres,[4] Nevertheless, I am convinced that even critics of AlmendarezTorres would be hard-pressed to hold that the state court in this case violated the rule of Apprendi when it found facts pursuant to a state recidivist statute.
The existence of a circuit split demonstrates that it is wrong to conclude that “ ‘fairminded jurists could [not] disagree’ on the correctness of the state court’s decision” in this case. Harrington v. Richter, - U.S. -, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). The Courts of Appeals for the Second and Eighth Circuits have found no constitutional violation in circumstances similar to those presented in this appeal. See Portalatin v. Graham, 624 F.3d 69 (2d Cir.2010) (en banc); United States v. Davis, 260 F.3d 965 (8th Cir.2001).
In Portalatin, the Second Circuit consolidated the habeas petitions of three prisoners who had been sentenced under New York’s persistent felony offender (PFO) statute. The petitioners argued that the statute was unconstitutional because it required a sentencing judge to assess the nature, rather than the mere fact of, predicate felony convictions before imposing a PFO sentence. They urged the court to construe the Almendarez-Torres exception to Apprendi narrowly so as to prevent a sentencing judge from considering the facts underlying a defendant’s prior conviction when forming an opinion about his criminal history. Finding “no clear holding of the Supreme Court to command such a result,” the Second Circuit ex-
*417 plained that, “ ‘[g]iven the lack of holdings from th[e] [Supreme Court]’ construing the recidivism exception as narrowly as petitioners urge, ‘it cannot be said that the state court unreasonably applied clearly established federal law.’ ” Id. at 92 (quoting Carey v. Musladin, 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006)). Commenting on the “lack of guidance as to the precise scope of the recidivism exception,” the court concluded:
It might well be constitutionally significant whether a sentencing judge is required to find, for example, that a defendant’s criminal history is “especially violent” before imposing a sentence, or whether, as in New York, a sentencing judge simply must find that the nature of his criminal history justifies “extended incarceration and life-time supervision.” ... The Supreme Court may answer that question at some future time. But, if our Court cannot divine a clear answer from the Court’s existing holdings, AEDPA prevents us from faulting a state court for selecting one reasonable conclusion over another.
Id. at 93; see also United States v. Snype, 441 F.3d 119, 148 (2d Cir.2006) (noting that while the continued viability of Almendarez-Torres has been questioned, the Supreme Court has not reversed that decision).
The Eighth Circuit reached a similar result in Davis. There, the appellant had been sentenced to a term of life imprisonment as a repeat offender following a federal conviction for attempted armed bank robbery, an offense that carried a statutory maximum of twenty-five years. He argued that the question of whether his past robbery convictions were qualifying felonies for purposes of the recidivist statute should have been decided by the jury, not by the sentencing judge. The court disagreed, finding that the “fact of prior conviction includes not only the fact that a prior conviction exists, but also a determination of whether a conviction is one of the enumerated types qualifying for the sentence enhancement.” Davis, 260 F.3d at 969. Conceding that Apprendi casts doubt on the viability of Almendarez-Torres, the Eighth Circuit nonetheless concluded that its role was “to apply Supreme Court precedent as it stands, and not as it may develop.” Id.
Adverse to the Second Circuit’s decision in Portalatin and the Eighth Circuit’s decision in Davis stands the opinion of the Ninth Circuit in Wilson v. Knowles, 638 F.3d 1213 (9th Cir.2011). After a 1993 car accident, Wilson pleaded no contest to gross vehicular manslaughter while driving under the influence of alcohol and to proximately causing bodily injury while driving under the influence of alcohol. When sentencing Wilson for a separate 2000 conviction for driving under the influence with a prior felony, a California judge relied on the information and preliminary hearing transcripts from Wilson’s 1993 convictions to find numerous additional facts about the earlier offenses, including that Wilson personally inflicted bodily injury, that the bodily injury was great, and that his victim was not an accomplice. These factual findings led the judge to conclude that Wilson’s 1993 convictions qualified as two predicate offenses for purposes of California’s Three Strikes Law, and Wilson received an enhanced sentence of 25-years to life.
The Ninth Circuit held that the state court’s factfinding was an unreasonable application of Apprendi. See id. at 1215 (“It would be unreasonable to read Apprendi as allowing a sentencing judge to find the kinds of disputed facts at issue here.... The judge’s fact-finding seven years after the 1993 conviction extended beyond any reasonable interpretation of the prior con *418 viction exception.”). Chief Judge Kozinski dissented, stating: “The Supreme Court hasn’t straightened all this out.... AED-PA deference can be a bitter pill to swallow. In some habeas cases, we must reject what appear to be valid constitutional claims because petitioner’s rights have not yet been clearly established by the Supreme Court.” Id. at 1217 (Kozinski, C.J., dissenting) (citations omitted).
Although it is possible that Wilson was correctly decided while Portalatin, Davis, and Chief Judge Kozinski’s dissent in Wilson were all in error, it is immaterial for AEDPA purposes which line of analysis is correct. The mere fact of a difference of opinion among courts of appeals leads ineluctably to the conclusion that a state court cannot run afoul of AEDPA regardless of which of these two paths it chooses.
Stated differently, I am loath to conclude that the United States Court of Appeals judges who decided Portalatin and Davis are not “fairminded.” Yarborough, 541 U.S. at 664, 124 S.Ct. 2140. Indeed, the intersection of criminal procedure and constitutional law often presents difficult questions upon which reasonable minds can differ.[5] And while it is true that no Supreme Court decision explicitly authorized the state judge to delve into Garrus’s prior conviction, the fact that no decision of the Court prohibited her from doing so is dispositive under AEDPA. Unless and until the Supreme Court overrules or modifies Almendarez-Torres, state courts cannot properly be held to have violated the Constitution when they find facts at sentencing to determine whether a recidivist statute applies. For that reason, I respectfully dissent.

. See Parker v. Matthews, -U.S. -, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); Coleman v. Johnson,-U.S.-, 132 S.Ct. 2060, 182 L.Ed.2d 978 (2012); Lafler v. Cooper,-U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); Howes v. Fields, — U.S.-, 132 S.Ct. 1181, 182 L.Ed.2d 17 (2012); Hardy v. Cross, — U.S. -, 132 S.Ct. 490, 181 L.Ed.2d 468 (2011); Bobby v. Dixon, - U.S. -, 132 S.Ct. 26, 181 L.Ed.2d 328 (2011); Cavazos v. Smith,-U.S.-, 132 S.Ct. 2, 181 L.Ed.2d 311 (2011); Bobby v. Mitts,-U.S.-, 131 S.Ct. 1762, 179 L.Ed.2d 819 (2011); Cullen v. Pinholster,-U.S.-, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011); Felkner v. Jackson, — U.S. -, 131 S.Ct. 1305, 179 L.Ed.2d 374 (2011); Harrington v. Richter, -U.S. -, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); Premo v. Moore, —U.S.--, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011); Berghuis v. Thompkins, - U.S. -, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010); Renico v. Lett, - U.S. -, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010); Berghuis v. Smith, —• U.S.-, 130 S.Ct. 1382, 176 L.Ed.2d 249 (2010); Wood v. Allen, 558 U.S. 290, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010); Smith v. Spisak, 558 U.S. 139, 130 S.Ct. 676, 175 L.Ed.2d 595 (2010); McDaniel v. Brown, 558 U.S. 120, 130 S.Ct. 665, 175 L.Ed.2d 582 (2010); Porter v. McCollum, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009); Knowles v. Mirzayance, 556 U.S. Ill, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009); Waddington v. Sarausad, 555 U.S. 179, 129 S.Ct. 823, 172 L.Ed.2d 532 (2009); Wright v. Van Patten, 552 U.S. 120, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008); Panetti v. Quarterman, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007); Fry v. Pliler, 551 U.S. 112, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007); Uttechtv. Brown, 551 U.S. 1, 127 S.Ct. 2218, 167 L.Ed.2d 1014 (2007); Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007); Brewer v. Quarterman, 550 U.S. 286, 127 S.Ct. 1706, 167 L.Ed.2d 622 (2007); Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 167 L.Ed.2d 585 (2007); Carey v. Musladin, 549 U.S. 70, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006); Rice v. Collins, 546 U.S. 333, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006); Kane v. Garcia Espitia, 546 U.S. 9, 126 S.Ct. 407, 163 L.Ed.2d 10 (2005); Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005); Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005); Brown v. Payton, 544 U.S. 133, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005); Holland v. Jackson, 542 U.S. 649, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004); Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004); Middleton v. McNeil, 541 U.S. 433, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004); Mitchell v. Esparza, 540 U.S. 12, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003); Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002); Early v. Packer, 537 U.S. 3, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 147 L.Ed.2d 125 (2000); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

. See Parker, 132 S.Ct. 2148; Coleman, 132 S.Ct. 2060; Howes, 132 S.Ct. 1181; Hardy, 132 S.Ct. 490; Dixon, 132 S.Ct. 26; Cavazos, 132 S.Ct. 2; Mitts, 131 S.Ct. 1762; Pinholster, 131 S.Ct. 1388; Felkner, 131 S.Ct. 1305; Harrington, 131 S.Ct. 770; Premo, 131 S.Ct. 733; Thompkins, 130 S.Ct. 2250; Renico, 130 S.Ct. 1855; Smith, 130 S.Ct. 1382; Spisak, 130 S.Ct. 676; McDaniel, 130 S.Ct. 665; Knowles, 556 U.S. Ill, 129 S.Ct. 1411; Waddington, 555 U.S. 179, 129 S.Ct. 823; Wright, 552 U.S. 120, 128 S.Ct. 743; Uttecht, 551 U.S. 1, 127 S.Ct. 2218; Schriro, 550 U.S. 465, 127 S.Ct. 1933; Carey, 549 U.S. 70, 127 S.Ct. 649; Rice, 546 U.S. 333, 126 S.Ct. 969; Kane, 546 U.S. 9, 126 S.Ct. 407; Payton, 544 U.S. 133, 125 S.Ct. 1432; Holland, 542 U.S. 649, 124 S.Ct. 2736; Yarborough, 541 U.S. 652, 124 S.Ct. 2140; Middleton, 541 U.S. 433, 124 S.Ct. 1830; Mitchell, 540 U.S. 12, 124 S.Ct. 7; Gentry, 540 U.S. 1, 124 S.Ct. 1; Lockyer, 538 U.S. 63, 123 S.Ct. 1166; Woodford, 537 U.S. 19, 123 S.Ct. 357; Early, 537 U.S. 3, 123 S.Ct. 362; Bell, 535 U.S. 685, 122 S.Ct. 1843.

. See Parker, 132 S.Ct. at 2155 (holding that the Sixth Circuit erred by following its own precedent rather than that of the Supreme Court in determining what is "clearly established Federal law”); Coleman, 132 S.Ct. at 2062 (holding that the Third Circuit "failed to afford due respect to the role of the jury and the state courts of Pennsylvania”); Hardy, 132 S.Ct. at 495 (reversing the Second Circuit and stating, “[T]he deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken. Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed.”); Dixon, 132 S.Ct. at 27 ("Because it is not clear that the Ohio Supreme Court erred at all, much less erred so transparently that no fairminded jurist could agree with that court’s decision, the Sixth Circuit's judgment must be reversed.”); Mitts, 131 S.Ct. at 1765 (holding that the Sixth Circuit erred in finding that the state court's jury instructions were contrary to clearly established federal law); Felkner, 131 S.Ct. at 1307 ("The state appellate court's decision was plainly not unreasonable. There was simply no basis for the Ninth Circuit to reach the opposite conclusion, particularly in such a dismissive manner.”); Harrington, 131 S.Ct. at 778 ("[The Ninth Circuit's] opinion shows an improper understanding of § 2254(d)'s unreasonableness standard and operation in the context of a Strickland claim.”); Premo, 131 S.Ct. at 746 (holding that the Ninth Circuit erred in granting habeas relief because the state court's decision was not an unreasonable application of Strickland, v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); Berghuis, 130 S.Ct. at 1392 (finding that the Sixth Circuit erred in granting habeas relief because the state court's decision was consistent with Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979)); Spisak, 130 S.Ct. at 684 (holding that the Sixth Circuit erred in granting habeas relief because the state court's upholding of jury instructions and verdict forms regarding the weighing of aggravating and mitigating factors was not "contrary to, or ... an unreasonable application of, clearly established Federal law” (citation and internal quotation marks omitted)); McDaniel, 130 S.Ct. at 672 (holding that the Ninth Circuit erred in granting habeas relief because the state court's rejection of the defendant's insufficiency-of-the-evidence claim was not unreasonable under AEDPA); Knowles, 556 U.S. at 114, 129 S.Ct. 1411 (finding that the Ninth Circuit erred because the state court’s decision that the defendant was not deprived of effective counsel was not "contrary to, or ... an unreasonable application of, clearly established Federal law” (citation and internal quotation marks omitted)); Wright, 552 U.S. at 126, 128 S.Ct. 743 (reversing the Seventh Circuit and stating, "because our cases give no clear answer to the question presented, let alone one in [the defendant's favor, it cannot be said that the state court unreasonably applied clearly established Federal law.” (citation and internal quotation marks omitted)); Carey, 549 U.S. at 72, 127 S.Ct. 649 (holding that the Ninth Circuit improperly granted habeas relief because the state court's decision that it was not inherently prejudicial when court spectators wore buttons depicting the murder victim was not contrary to or an unreasonable application of clearly established federal law); Rice, 546 U.S. at 334, 126 S.Ct. 969 (finding that the Ninth Circuit improperly granted habeas relief because it was not unreasonable for the state trial court to "credit the prosecutor's race-neutral explanations for the [defendant’s] Batson challenge”); Kane, 546 U.S. at 10, 126 S.Ct. 407 (holding that the Ninth Circuit improperly granted habeas relief because there exists no clearly established right under federal law to access a law library while in jail); Holland, 542 U.S. at 652, 124 S.Ct. 2736 (concluding that the Sixth Circuit erred because the state court’s application of Strickland was not unreasonable under AED-PA); Middleton, 541 U.S. at 437-38, 124 S.Ct. 1830 (holding that the Ninth Circuit erred because the state appellate court’s conclusion that one incorrect statement in jury instructions did not render the instructions likely to mislead the jury was not unreasonable); Mitchell, 540 U.S. at 13, 124 S.Ct. 7 (finding that the Sixth Circuit’s decision "ignore[d] the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)”); GenUy, 540 U.S. at 11, 124 S.Ct. 1 (noting that the Ninth Circuit gave "too little deference to the state courts that have primary responsibility for supervising defense counsel in state criminal trials"); Woodford, 537 U.S. at 20, 123 S.Ct. 357 (holding that the Ninth Circuit's decision "exceeded] the limits imposed on federal habeas *415 review by 28 U.S.C. § 2254(d)”); Early, 537 U.S. at 4, 123 S.Ct. 362 (finding that the state appellate court’s determination that the trial court’s comments did not coerce the jury was not contrary to clearly established federal law).

. See Apprendi, 530 U.S. at 489-90, 120 S.Ct. 2348 (Scalia, Thomas, Ginsburg, JJ., joining the majority) ("[I]t is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested.”); id. at 520-21, 120 S.Ct. 2348 (Thomas, J., concurring) (''[0]ne of the chief errors of Almendarez-Torres — an error to which I succumbed — was to attempt to discern whether a particular fact is traditionally (or typically) a basis for a sentencing court to increase an offender's sentence.... [T]his approach just defines away the real issue.”).

. See, e.g., Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) (5-4 decision); Apprendi, 530 U.S. 466, 120 S.Ct. 2348 (5-4 decision); Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219 (5-4 decision).